[Cite as *Wiids Cove II, L.L.C. v. Williams*, 2017-Ohio-9273.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105377**

# WOODS COVE II, L.L.C.

**PLAINTIFF-APPELLEE**

vs.

# TERRENCE WILLIAMS, ET AL.

**DEFENDANTS-APPELLANTS**

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-806369

**BEFORE:** Stewart, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 28, 2017

**FOR APPELLANT**

Terrence Williams, pro se
1675 Warrensville Center Road
South Euclid, OH 44121


**ATTORNEYS FOR APPELLEE**

**For Woods Cove II, L.L.C. and Mountainside Realty Ventures, L.L.C.**

David T. Brady
Andrew M. Tomko
Austin B. Barnes, III
Suzanne M. Godenswager
Brian Steven Gozelanczyk
Sandhu Law Group, L.L.C.
1213 Prospect Avenue, Suite 300
Cleveland, OH 44115

**Also Listed:**

**Consumer Financial Protection Bureau**
1700 G. Street, N.W.
Washington, D.C., 20552

**Federal Trade Commission**
600 Pennsylvania Avenue, N.W.
Washington, D.C., 20580

**Ohio Bar Association**
1700 Lake Shore Drive
Columbus, OH 43204

**For United States of America**
U.S. District Attorney Civil Process Clerk
801 West Superior Avenue
400 United States Courthouse
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Terrence Williams appeals, pro se, from the trial court order forfeiting real property to plaintiff-appellee Mountainside Realty Ventures, L.L.C., successor in interest to plaintiff Woods Cove II, L.L.C.  We affirm the decision of the trial court.

**{¶2}** At the outset of this litigation, Williams owned an interest in the property that was subject to various claims by defendants who are not parties to this appeal.  While the case was pending in the trial court, Williams passed his interest in the property to his mother, Geri Upton, who then conveyed half of that interest back to Williams such that, as Williams states in his brief, each owned a one-half interest in the property.[1]  Upton was not named in the initial complaint, and the docket does not indicate that she was ever added as a party or entered an appearance in the case.  Nevertheless, Mountainside, Williams, and the trial court all refer to her as a codefendant.[2]

**{¶3}** There is little disagreement between the parties regarding the facts in this case.  Woods Cove purchased tax certificates relating to Williams's property.  It brought this tax certificate foreclosure action against Williams claiming the amounts he owed on the certificates were due and unpaid.  Service was perfected, although Williams never

---

[1] This court takes judicial notice that as recorded on March 13, 2015, Williams conveyed his interest in the subject property to Upton via quit claim deed, and that as recorded on November 2, 2015, Upton conveyed 50 percent of that interest back to Williams.

[2] Upton's status does not impact our analysis and bears mention only for the sake of clarity.

answered the complaint or entered a formal appearance. Woods Cove filed an unopposed motion for default judgment that the trial court granted. The court then granted a decree of foreclosure.

{¶4} Woods Cove made numerous attempts to have the property sold by the county sheriff. During the pendency of this case, Williams and Upton filed seven bankruptcies. Some of these bankruptcy filings interrupted attempted sales of the property and caused them to be withdrawn. Nevertheless, two sales attempts were completed. Because the sales attempts were completed but the property remained unsold for want of a bidder, pursuant to R.C. 5721.40, the court ordered that the property be forfeited to Mountainside, the successor in interest to Woods Cove.

{¶5} Williams assigns two errors for our review: that the trial court erred in disregarding Woods Cove's purported violation of an automatic stay filed on November 4, 2016, and that the court erred by granting Woods Cove a decree of forfeiture in light of the most recent bankruptcy filed. The assignments of error flow from the same premise: that the most recent bankruptcy filed, Upton's third within one year, created an automatic stay of the proceedings before the trial court.

{¶6} The only question before this court is what effect, if any, Upton's third bankruptcy filing had on the underlying case. We resolve that the bankruptcy had no effect on the proceedings and did not cause an automatic stay.

{¶7} R.C. 5721.40 directs a trial court to forfeit a tax certificate property, when the property is twice offered for sale pursuant to R.C. 5721.39, but remains unsold for want

of a bidder. In those cases, the court is required to forfeit the property to the certificate holder who filed the foreclosure request under R.C. 5721.37.

{¶8} In this case, on September 22, 2016, the court ordered the sheriff to sell the subject property on November 7, 2016, and if unsuccessful, the court ordered that a second attempt be made on November 21, 2016. The docket reflects that on November 21, the sheriff filed a return of sale indicating compliance with the order, and that the property had not sold for want of a bidder. In light of these failed sales, on December 19, 2016, the court forfeited the property to Mountainside, the current holder of the tax certificate. Thus, the trial court fully complied with R.C. 5721.40 and properly forfeited the property.

{¶9} Williams argues that Upton's third bankruptcy, filed with the bankruptcy court on November 4, 2017, automatically stayed all proceedings, rendering the subsequent attempted sales and ultimate forfeiture improper.

{¶10} 11 U.S.C. 362 provides a mechanism to automatically stay most actions against a debtor when that person files a qualifying bankruptcy. *See Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 163 (2d Cir.2010). There are, however, limitations to this provision that apply to subsequent bankruptcies filed by the same person. *Id.* 11 U.S.C. 362(c)(4) states "'if [two] or more * * * cases of the debtor were pending within the previous year but were dismissed, * * * the stay * * * shall not go into effect upon the filing of the later case,' and the debtor may obtain a stay only if he is able to demonstrate that the filing of the later case is in good faith." *Id.* at 165, quoting 11 U.S.C. 362(c)(4).

{¶11} The trial court's docket reflects that a notice of the November 4 bankruptcy was filed on November 9. The filing was not attributed to any party nor was it signed. It consisted entirely of a general notice from the bankruptcy court with boilerplate language indicating that Upton filed a bankruptcy. Nowhere in that filing is an order from the bankruptcy court to stay the proceedings or a request from either party to do so. Williams does not dispute this, but instead bases his argument on an incorrect reading of 11 U.S.C. 362, the automatic stay provisions of the federal bankruptcy code. His argument is simply that "[u]pon the filing of a bankruptcy, an automatic stay goes into effect."

{¶12} The trial court record reflects that Upton had two pending bankruptcies within the previous year that were dismissed.[3] As such, pursuant to 11 U.S.C. 362(c)(4), there was no automatic stay applicable to the November 4 bankruptcy. As previously noted, the November 9 filing was a general notice from the bankruptcy court indicating that Upton filed a bankruptcy; it contained no indication that Upton demonstrated that this third bankruptcy was filed in good faith or that the bankruptcy court determined as much. In light of the exception to the automatic stay provision, we find that the trial court committed no error.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

---

[3] Bankruptcy case number 16-10808 was filed February 19, 2016, and dismissed April 8, 2016. Bankruptcy case number 16-12714 was filed May 16, 2016, and dismissed July 12, 2016.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR